No. 98-51093
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51093
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LEVENSTON HALL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-6-ALL
- - - - - - - - - -
January 27, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Levenston Hall appeals the his conviction and sentence for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Hall argues the following: (1) the district court erred when it admitted extraneous bad act evidence pursuant to Fed. R. Evid. 404(b); (2) the district court erred when it imposed a fine; (3) the district court erred when it denied his motion to suppress evidence obtained from a warrantless search of his vehicle; (4) the district court erred when it failed to suppress evidence obtained incident to Hall's arrest and from

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequent searches of a storage shed and a safe; (5) the district court erred when it imposed a two-level offense level increase based on Hall's role as a leader or organizer in the offense; (6) the prosecutor improperly vouched for a witness; and (7) the district court erred when it calculated the total quantity of drugs attributable to Hall. Hall has also filed a motion for discovery on appeal requesting stipulations, a copy of his extradition, and a copy of the indictment. This motion is DENIED.

Any error that the district court may have committed by admitting evidence of allegedly stolen merchandise was harmless. *See United States v. Rodriguez*, 43 F.3d 117, 123 (5th Cir. 1995); *United States v. Townsend*, 31 F.3d 262, 268 (5th Cir. 1994). The overwhelming evidence of guilt, including testimony from a confidential informant, undercover police officer, and arresting police officer, all confirmed that Hall possessed "crack" cocaine with intent to distribute. Although he raised the issue, Hall failed to brief the issue whether the district court erred when it imposed a fine; therefore, the issue is deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court did not err when it denied Hall's motion to suppress, because the officers had probable cause to believe that the vehicle contained contraband or other evidence of a crime. *See Wyoming v. Houghton*, 119 S. Ct. 1297, 1300-01 (1999); *United States v. Ross*, 456 U.S. 798 (1982); *Carroll v. United States*, 267 U.S. 132, 153, 160-62 (1925). The remaining suppression issues were not encompassed by Hall's pretrial suppression motion and will not be considered for the first time on appeal. *See United States v.*

*Chavez-Valencia*, 116 F.2d 127, 129, 131-32 (5th Cir. 1997). The district court did not err when it found that Hall was an organizer or leader under U.S.S.G. § 3B1.1(c). *See United States v. Lage*, 183 F.3d 374, 382-83 (5th Cir. 1999), *petition for cert. filed* (Oct. 27, 1999)(Nos. 99-6847 & 99-6903). The findings in the presentence report (PSR) and the record as a whole support the conclusion that Hall was a leader or organizer in the offense. *Id.* Hall failed to identify any remarks by the prosecutor that would constitute vouching for a witness' credibility. *See United States v. Washington*, 44 F.3d 1271, 1278 (5th Cir. 1995). Hall has failed to present rebuttal evidence demonstrating an error in the PSR's calculation of the drug quantity used for sentencing. *See United States v. Franklin*, 148 F.3d 451, 460 (5th Cir. 1998).

Accordingly, the district court's sentence and conviction is AFFIRMED. Motion for discovery is DENIED.